UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  5:05-cr-46-T-23GRJ
   5:12-cv-58-T-23TBS

KYLE E. McCLAMMA
_____/

**ORDER**

McClamma's unrelenting resistance to his supervised release continues through his motion to vacate under 28 U.S.C. § 2255 (Doc. 1). A June 2, 2015, order (Doc. 108) provides a summary of the history of this protracted litigation:

> After downloading child pornography for seven years or more, McClamma pleaded guilty to possessing more than 3,500 prohibited images and at least forty-five video recordings in violation of 18 U.S.C. § 2252A(a)(5)(B). On September 20, 2006, Judge Wm. Terrell Hodges varied downward and sentenced McClamma to only thirty-six months of imprisonment but to a life-long term of supervised release.
>
> On November 10, 2009, soon after his release from prison, McClamma moved (Doc. 33) *pro se* for clarification of the terms of his supervision. Specifically, McClamma challenged the probation officer's denial of his request to live with his minor daughter. After counsel appeared on his behalf, McClamma withdrew the motion.
>
> A year later, McClamma filed a series of motions (Docs. 46, 47, 50) for clarification and demanded disclosure of polygraph results, permission to attend specific church services, and permission to enter data for pediatric physicians. At a January 25, 2011 hearing, the United States announced an agreement with McClamma on certain issues, including an agreement to allow McClamma supervised visitation with his

daughter. To the extent that McClamma and the United States disagreed, a January 31, 2011 order (Doc. 52) denies McClamma's demands.

On January 27, 2012, McClamma sued under 18 U.S.C. § 2255 in Case No. 5:12-cv-58-SDM-PRL and claimed that the terms of his supervised release offend the Constitution.[1] While awaiting a ruling on his Section 2255 motion, McClamma moved (Doc. 57, including twenty-one exhibits) *pro se* for early termination of his supervised release. At a February 13, 2013 hearing, the United States and the probation officer "identif[ied] some unsettling episodes . . . involving McClamma's polygraphs and his compliance with his restrictions." (Doc. 72 at 2) An order (Doc. 72) denies the motion and states:

> McClamma's term of service under supervised release remains too brief, his routine and reliable compliance remains too uncertain, and his behavior remains too unaccountable and uneven to permit a disinterested observer to achieve the high level of comfort and confidence necessary to terminate supervised release, especially in the instance of a sex offender.

(Doc. 72 at 3) McClamma appealed (Doc. 73) the order, and the Eleventh Circuit affirmed (Doc. 87). Still unsatisfied, McClamma petitioned the Supreme Court for a writ of certiorari, and his petition was denied (Doc. 88).

---

[1] McClamma also sued, Case No. 8:12-cv-2557-VMC-MAP, *pro se* his former probation officer in a *Bivens* action. Judge Covington dismissed the action and found that qualified immunity shielded the probation officer from suit. The Eleventh Circuit affirmed, 561 Fed. Appx. 787 (11th Cir. 2014), and noted that "Mr. McClamma has continued to challenge his supervised release conditions." McClamma petitioned the Supreme Court for a writ of certiorari, and his petition was denied, 135 S.Ct. 167 (2014).

On August 4, 2014, McClamma — who had recently re-married and was expecting his second child — moved (Doc. 89)

to modify the terms of his supervised release. Specifically, McClamma requested a modification of "his supervised release conditions to exclude all of his children from any imposed contact restrictions with minors and to permit contact with minors when accompanied by adults." (Doc. 89 at 3) After the United States consented in part to the modification, an order (Doc. 92) allows McClamma unsupervised contact with his second child and denied McClamma's remaining requests. McClamma quickly moved (Doc. 93) for reconsideration, and an order (Doc. 94) denies the motion and states that "McClamma's life term of supervision is as relaxed as the circumstances at this moment permit." On October 1, 2014, McClamma appealed (Doc. 95) the denial of his motion for reconsideration, and his appeal remains pending [since affirmed, Doc. 109, 112].

Five days after filing his appeal, McClamma again moved (Doc. 98) for clarification of the terms of his supervision. In the motion, McClamma challenged the terms of the "Safety Plan" that governs his supervised visitation with his first child. After an order denied (Doc. 100) the motion, McClamma moved (Doc. 101) for reconsideration. An order (Doc. 104) denies that motion, as well.

Now, in yet another attempt to resist his supervision, McClamma challenges his supervision by filing (Doc. 105) *pro se* his "Second Motion for Early Termination of Supervised Release." McClamma argues that there is "ample justification . . . for granting early termination of supervised release" because "[h]e is married, has two children, is gainfully employed, meets his financial obligations, is attending college to expand employment opportunities, and is well-respected in his neighborhood and church community despite his conviction and status as a registered sex offender."[2] (Doc. 105 at 3, 26) The United States and the Probation Office oppose (Doc. 107) the motion.

> [2] If he thinks these attributes — a wife, children, a job, and community standing — establish that someone is not a sex offender, McClamma should review the *en banc* opinion in *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010), which summarizes the singularly repulsive

> course of sex crimes perpetrated by a man with
> all that and more.
>
> Also, McClamma moves (Doc. 106) for production
> (presumably in preparation for McClamma's next wave of
> motions and lawsuits) of (1) "all the polygraph test reports,
> tracings, and video recordings maintained by U.S. Probation
> and its contracted polygraphist"; (2) "U.S. Probation's
> memorandum to the court regarding a verbal reprimand that
> McClamma received in 2012"; and (3) "U.S. Probation's
> assessment summary report regarding his second request for
> early termination of supervised release." The United States
> argues (Doc. 107) that the motion should be denied because
> McClamma has failed to submit a written request for
> production to the Probation Office.

The order (Doc. 108) denied McClamma's motion (Doc. 105) for early termination of supervised release and denied his motion (Doc. 106) for production. His motion for reconsideration (Doc. 110) was also denied (Doc. 111). As is his wont, McClamma again moves (Doc. 113) for clarification, a motion which awaits disposition by a separate order.

\* \* \* \*

In the motion to vacate addressed in this order, McClamma challenges the constitutionality and substantive reasonableness of the interpretation and application of an additional condition[1] of his supervised release, which allows contact or

---

[1] The supervised release includes both "standard" conditions and "additional" conditions. (Doc. 29 in 5:05-cr-46, p. 4) One of the additional conditions requires that McClamma "have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate, including: schools, daycare centers, theme parks, playgrounds, etc."

visitation with his older daughter[2] only when supervised by an approved third-party supervisor.  McClamma argues (1) that the additional condition restricting his interaction with his child is not reasonably related to his crime of conviction — possession of child pornography — and violates his constitutional right to raise his child, (2) that the additional condition violates his right to due process because the court did not specifically impose the condition at sentencing, and (3) that the additional condition violates his right to due process because the condition conflicts with the terms of his plea agreement.  The untimeliness of each of McClamma's claims precludes federal review.

**Claim 1**

McClamma claims that, shortly before his release from prison in 2009, the United States Probation Office informed him that the additional condition prohibiting contact with a minor applied to his older daughter. McClamma alleges that "[u]pon his release from the BOP [he] was verbally granted supervised contact with his daughter by U.S. Probation with the stipulation that the [first] wife be present at all times." (Doc. 1, p. 4) McClamma further alleges that "[i]n addition to U.S. Probation denying [him] *unsupervised* contact with his old[er] daughter, they also

---

[2] McClamma and his first wife have a daughter. After his release from prison McClamma and his first wife divorced. McClamma re-married and has a daughter with his second wife. McClamma's challenge to the additional condition concerns only his daughter with his first wife. McClamma resides with his second wife and their minor daughter. The additional condition no longer applies to the younger daughter.

imposed a residential restriction not otherwise outlined as a special condition . . . in the sentencing order" that precluded McClamma from living at home with his first wife and older daughter.  (Doc. 1, p. 4) (emphasis added)

In October, 2009, McClamma filed in the criminal case (Doc. 33 in 5:05-cr-46) a letter inquiring about the implementation of the additional condition prohibiting unsupervised contact with his older daughter.  The letter was construed as a motion for clarification.  (Doc. 34 in 5:05-cr-46)  A hearing on the motion was scheduled for November 19, 2009.  McClamma, through counsel, moved (Doc. 40 in 5:05-cr-46) to continue the hearing and asserted that discussion between the parties would likely result in an agreement "on certain aspects" of McClamma's motion.  In December, 2009, McClamma moved (Doc. 43 in 5:05-cr-46) to cancel the clarification hearing without prejudice because discussion between the parties continued with the hope of resolution.

McClamma filed both another motion for clarification and an amended motion for clarification in November 2010 and a second amended motion for clarification in January, 2011.  (Docs. 46, 47, 50 in 5:05-cr-46)  At a January 25, 2011, hearing on the motion, the Assistant United States Attorney advised the court that the parties had resolved, among other things, McClamma's issue with the additional condition prohibiting unsupervised contact with his older daughter.  The AUSA advised that the parties had agreed to allow McClamma's supervised contact

with the older daughter in the presence of a third-party supervisor (selected by the probation officer under a "safety plan") and in compliance with the orders of the state circuit court judge in McClamma's divorce proceedings. McClamma's motion for clarification was granted regarding the joint resolution of the interpretation of the additional condition.[3]

In the motion to vacate McClamma argues (Doc. 1, p. 5):

> In sum, U.S. Probation has: (1) prohibited Mr. McClamma
> from unsupervised contact with his [older] daughter,
> (2) prohibited him from residing in the family home,
> (3) imposed further restrictions via the Safety Plan regarding
> contact with his [older] daughter, and (4) added a condition of
> supervised release that envelops any violation of a time-sharing

---

[3] The earlier order (Doc. 52 in 5:05-cr-46) states:

> 1. McClamma's supervision is modified to permit contact or visitation with the daughter only when supervised by an approved third-party supervisor. No unsupervised visitation or contact is permitted.
>
> The orders of the circuit judge presiding in *Jerrie McClamma v. Kyle E. McClamma*, Case No. 09-DR-019697, Circuit Court for Hillsborough County, Florida, will govern both the manner of shared parental decisions for the daughter and the frequency and time of supervised contact or visitation between McClamma and the daughter. McClamma's federal supervision is amended to require compliance with the circuit judge's orders. A violation by McClamma of an order of the circuit judge will constitute a simultaneous and separately punishable violation of his supervised release.
>
> The treatment provider chosen by the United States Probation Officer must create a safety plan and must evaluate and approve any third-party supervisor. Any third-party supervisor must read the safety plan and sign the plan to signify the supervisor's agreement to abide by the plan.
>
> If McClamma's supervision is terminated early, the above restrictions on contact and visitation with the daughter will terminate as well.

>arrangement outlined by the family law court. Because none of
>these conditions are reasonably related to the crime to which he
>pled guilty, Mr. McClamma now files this petition for a writ of
>habeas corpus due to an unconstitutional imposition of
>additional terms and conditions relating to his supervised
>release which were not part of the sentence imposed by the
>court.

The gravamen of McClamma's argument is not the constitutionality of the additional condition itself but the probation officer's interpretation and application of that condition.[4] Notwithstanding, a challenge to either the additional condition (imposed in 2006) or the probation officer's interpretation of that condition (initiated in 2009 when McClamma began his supervised release) is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation for a Section 2255 motion. Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[4] As McClamma points out in his motion to vacate, the clarification hearing resulted in the court "uph[olding] U.S. Probation's *interpretation* of this [additional] condition but ordered the implementation of a Safety Plan 'contract' which imposes further restrictions between parent and child." (Doc. 1, p. 4) (emphasis added) McClamma further states in his reply that "the harm which flowed to Mr. McClamma from *imposition* of this restriction was compounded by U.S. Probation's *interpretation* of the boilerplate prohibition on Mr. McClamma's contact with minors to mean he could not live at home with his [older] daughter." (Doc. 10, p. 11) (emphasis added)

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The judgment in McClamma's criminal case was entered on September 20, 2006. (Doc. 29 in 5:05-cr-46) McClamma filed no direct appeal. Consequently, under the appellate rules in effect when the judgment was entered, McClamma's conviction became final on October 4, 2006, when the ten days for filing a notice of appeal expired. Fed. R. Crim. P. 45(a)(1); Fed. R. App. P. 4(b)(1)(A)(I) (West 2007). McClamma had one year, until October 4, 2007, to timely file a Section 2255 motion challenging the additional condition imposed in the 2006 judgment. McClamma did not file his Section 2255 motion until January 27, 2012, over five years after the expiration of the one-year limitation. Consequently, to the extent that McClamma challenges the additional condition prohibiting no direct contact with minors without written approval, the motion to vacate is time-barred.

Alternatively, even if claim one is construed as alleging that the facts underlying the claim did not accrue until 2009 when McClamma began his supervised release, the claim is still untimely. Section 2255(f)(4) specifically addresses "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." McClamma's claim —

that the additional condition violates his right to due process by prohibiting his spending unsupervised time with his older daughter — was known to him in 2009 when he began his supervised release. McClamma does not contend otherwise. Consequently, McClamma cannot avail himself of the benefit of the delayed start of the one-year limitation under Section 2255(f)(4). *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (refusing to apply § 2255(f)(4) when "there is every reason to believe that prompt action would have produced [the facts on which the claim for relief is based] well over a year before [the petitioner] filed his § 2255 petition").

McClamma attempts to establish the timeliness of claim one by arguing that the facts underlying the claim did not accrue until entry of the January 31, 2011, order modifying his supervision. Contrary to McClamma's assertion, rather than constituting separate or additional conditions of supervised release, the four provisions in the January 31, 2011, order (Doc. 52 in 5:05-cr-46) — the prohibition of unsupervised contact with the older daughter, the prohibition against his residing in the family home, imposition of the safety plan, and compliance with the circuit court's orders — are a modification of the original condition. While the record is clear that McClamma sought *clarification* of the condition, he did not challenge the *legality* of the condition until he filed his motion to vacate in 2012, over five years after the condition was established in the judgment and over two years after the

probation officer notified him in 2009 of the interpretation of the condition. Consequently, claim one is time-barred from federal review.[5]

**Claims 2 and 3**

In claim 2 McClamma argues that the sentence pronounced at the sentencing hearing did not place any restriction on his contact with the older daughter. McClamma alleges that the additional condition violates his right to due process because the written judgment, which includes the additional condition, does not

---

[5] In 2014, in the appeal of the denial of McClamma's motion to terminate his supervised release, the Eleventh Circuit confirmed (Doc. 87) in 5:05-cr-46) the untimeliness of McClamma's challenge to the alleged substantive unreasonableness of the additional condition:

> Mr. McClamma also challenges Special Condition No. 3 of the terms of his supervised release on the grounds that his similar pre-trial restriction against having contact with minors excluded his [older] daughter, there was no notice that the exclusion would not be applicable to his terms of supervised release, and the restriction was unwarranted given the low risk he presented of committing a hands-on offense.
>
> . . . .
>
> [T]o the extent that Mr. McClamma's claims are a direct challenge to the district court's sentencing order from 2006 that imposed these conditions of supervised release, his appeal is untimely. Under the Federal Rules of Appellate Procedure, a defendant's notice of appeal must be filed in the district court within 14 days of the entry of the judgment. *See* Fed. R. App. P. 4(b). Upon a finding of excusable neglect or good cause, the district court may extend the time to file a notice of appeal for an additional period of up to 30 day. *See* Fed. R. App. P. 4(b)(4). Although the timeliness requirements of Rule 4(b) are not jurisdictional, they assure relief to a party that properly raises them. *See United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir. 2009). As Mr. McClamma seeks to challenge the terms of his supervised release more than six years since his sentence was imposed in 2006, his claims are untimely.

conform to the oral pronouncement of sentence. In claim 3 McClamma argues that the additional condition violates the plea agreement and results in a denial of his right to due process because "[t]he plea agreement is silent regarding the imposition of any restriction concerning contact between [him] and his [older] daughter."

Even assuming (1) that these claims are cognizable in a Section 2255 motion to vacate and (2) that neither claim is barred by the appeal waiver in McClamma's plea agreement, both claims are untimely because they result from the imposition of the 2006 judgment. McClamma's pursuit of these claims in his 2012 motion to vacate comes over five years after the one-year limitation expired. Consequently, both claim 2 and claim 3 are time-barred.

**Equitable tolling**

McClamma presents no cogent argument of entitlement to equitable tolling. Notwithstanding, McClamma cannot benefit from its application. Equitable tolling is appropriate when a prisoner's motion to vacate is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003). "[E]quitable tolling applies only in truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226. "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Sec'y, Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

McClamma demonstrates no extraordinary circumstance that caused him to erroneously calculate the deadline for timely filing a Section 2255 motion to vacate. Consequently, the motion is time-barred, precluding federal review.

Accordingly, McClamma's motion to vacate (Doc. 1) is **DENIED**. The clerk must enter a judgment against McClamma and close this case.

## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

McClamma is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, McClamma must show that reasonable jurists would find debatable the 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred, McClamma is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. McClamma must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 15, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE